UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NATHANIEL YOUNG,

                Plaintiff,

v.                                **DECISION AND ORDER**
                                          06-CV-22S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

       1.       In this case, Plaintiff Nathaniel Young challenges an Administrative Law Judge's ("ALJ") determination that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since October 8, 2002, due to back and neck pain. Plaintiff contends that his impairments have rendered him unable to work. He therefore asserts that he is entitled to payment of disability benefits under the Act.

       2.       Plaintiff applied for disability insurance benefits and Supplemental Security Income on October 29, 2002. His claims were denied initially. At Plaintiff's request, an administrative hearing was held before ALJ Theodore Burock on December 15, 2004. Plaintiff and his attorney were present at the hearing. The ALJ considered the case *de novo*, and on June 15, 2005, issued a decision denying Plaintiff's application for benefits. On November 21, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on January 12, 2006, challenging Defendant's final decision.[1]

       3.       On July 10, 2006, Plaintiff and Defendant filed Cross Motions for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the

---

[1] The ALJ's June 15, 2005 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

following reasons, Defendant's Motion for Judgment on the Pleadings is granted and Plaintiff's Motion seeking the same is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6.   The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act.  See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7.   This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8.   While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C.

§ 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with respect to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of his disability (R. at 24);[2] (2) Plaintiff's lumbosacral strain and cervical strain constitute "severe" impairments (R. at 20, 24); (3) Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in the regulations (R. at 20, 24); (4) Plaintiff retains the residual functional capacity to perform a full range of light exertion (R. at 22, 24); and (5) Plaintiff was unable to perform any of his past relevant work. (R. at 22, 24). Considering Plaintiff's status as a younger individual closely approaching advanced age, with a high school education, with no transferrable skills from his past work, and a residual functional capacity to perform a full range of light work, the ALJ determined that the Medical-Vocational Guidelines directed a conclusion of "not disabled." (R. at 23, 24). Ultimately, the ALJ determined that Plaintiff was not under a disability as defined by the Act at any time through the date of his decision, June 15, 2005.

10. Plaintiff argues that the ALJ improperly rejected the opinion of his treating physician, Dr. Louis Lobalsamo. The record reflects that on September 25, 2003, Dr. Lobalsamo completed a physical capacities evaluation in which he opined that Plaintiff could sit for five hours and stand for three hours out of an eight hour day. (R. at 271). Plaintiff contends that these limitations are inconsistent with the requirements of light or sedentary work.[3] In his decision, the ALJ declined to give Dr. Lobalsamo's restrictive

---

[2] Citations to the underlying administrative record are designated as "R."

[3] Sedentary work generally involves sitting for six hours out of an eight hour workday. See Wages v. Sec'y of Health and Human Servs., 755 F.2d 495, 498 (6th Cir. 1985).

4

assessment any weight because it was not supported by the objective medical findings in the record and was belied by his conservative treatment history. (R. at 22). Plaintiff contends that the ALJ violated the "treating physician's rule" by failing to afford proper weight to Dr. Lobalsamo's opinion.[4]

11.   According to the "treating physician's rule," the ALJ must give controlling weight to the treating physician's opinion when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000). Having reviewed the entire record, this Court detects no reversible error in the ALJ's treatment of Dr. Lobalsamo's evaluation.

As an initial matter, this Court notes that Dr. Lobalsamo is a general practitioner, not an orthopedic specialist. Although Dr. Lobalsamo prescribed medication and suggested physical therapy for Plaintiff's back pain (R. at 87-90, 251), it was Dr. Jong-Chaur Shieh who assessed and treated Plaintiff's orthopedic impairments primarily. (R. at 188-89, 194, 200, 214, 276, 314). In this respect, Dr. Lobalsamo's physical examination notes focus on Plaintiff's heart, lungs, and weight, but contain minimal objective findings relating to Plaintiff's muscloskeletal condition. (R. at 98, 101, 201, 211, 261, 263-64, 316). In addition, in completing Plaintiff's physical capacities evaluation, Dr. Lobalsamo acknowledged that he was not clear what the term "full time competitive employment" meant. (R. at 271). Significantly, he concluded that Plaintiff was disabled from performing his previous job duties, rather than all work activities. (R. at 271).

---

[4] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

Additionally, Dr. Lobalsamo's restrictive assessment is inconsistent with the findings of Dr. Shieh, who treated Plaintiff's back condition, and other objective medical evidence. The record reflects that Dr. Shieh repeatedly found that Plaintiff had full muscle strength and no sensory deficits. (R. at 188-89, 194, 200, 214, 276, 314). Dr. Shieh's examinations revealed, albeit less consistently, a normal range of motion in Plaintiff's back, and negative straight leg raising. (R. at 188, 214, 276, 314). Regarding other evidence in the record, Plaintiff's October 10, 2002 lumbar spine x-ray was normal (R. at 110, 146), his October 29, 2002 muscloskeletal examination was negative, revealing normal sensation and no spinal or paraspinal tenderness (R. at 106, 267), his November 26, 2002 lumbar spine computed tomography scan showed some evidence of disc bulging but no evidence of herniation (R. at 98, 109, 144-45), his March 2003 lumbar spine magnetic resonance imaging study revealed herniation with only perhaps mild stenosis and mild posterior displacement of the nerve root (R. at 142), his June 30, 2003 emergency room examination was essentially unremarkable (R. at 240-41), and his December 11, 2003 emergency room examination revealed only muscle spasms which responded well to medication. (R. at 207-08). Consistent with these unremarkable findings, Plaintiff's physicians recommended only conservative treatments such as physical therapy, moist heat application, stretching and ibuprofen. (R. at 98, 189, 194).

These objective medical findings and Plaintiff's conservative treatment record support the ALJ's conclusion that Plaintiff was capable of performing a full range of light work. Given the totality of the medical record, it was appropriate for the ALJ to reject Dr. Lobalsamo's restrictive assessment. Supportability and consistency with other evidence of record are necessary in order for a medical opinion to be accorded controlling weight. See Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998). That is, "[w]hen other substantial

evidence in the record conflicts with the treating physician's opinion . . . that opinion will not be deemed controlling[, a]nd the less consistent the opinion is with the record as a whole, the less weight it will be afforded." Snell v. Apfel, 177 F.3d 128, 133 (2d Cir. 1999); Segarra v. Apfel, 58 F. Supp. 2d 26, 32 (E.D.N.Y. 1999).  In any case, certain findings, including the ultimate finding of whether a claimant is disabled, are reserved to the Commissioner.  See 20 C.F.R. § 404.1527(e)

Under the circumstances of this case, it cannot be said that the ALJ arbitrarily substituted his own judgment for that of the treating physician.  Rather, the ALJ appropriately rejected Dr. Lobalsamo's assessment in favor of the objective medical evidence in the record.  For the foregoing reasons, this Court finds that the ALJ's treatment of Dr. Lobalsamo's restrictive evaluation was appropriate.

12.  After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions based on that evidence.  It is clear to this Court that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error in the ALJ's decision and further finding that his decision is supported by substantial evidence, this Court will grant Defendant's Motion for Judgment on the Pleadings and deny Plaintiff's motion seeking the same.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 5) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 4) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: March 4, 2007
       Buffalo, New York

                                               /s/William M. Skretny
                                               WILLIAM M. SKRETNY
                                               United States District Judge